## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 03-81104-CIV-RYSKAMP/VITUNAC

FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC.,
KENNETH ANDUZE, E.J. KELLEY,
and LINDA BATTLE,

      Plaintiffs,

v.

GULFSTREAM HARBOR APARTMENTS,
LLC., and GULFSTREAM HARBOR
APARTMENTS, INC., and SUSAN GOIOA,

      Defendants.

_____/

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

THIS CAUSE comes before the Court pursuant to Plaintiffs' Motion for Protective

Order, filed January 14, 2004 **[DE 7]**.  Defendants responded on January 28, 2004 **[DE 8]**.

Plaintiffs replied on February 6, 2004 **[DE 15]**.  This motion is ripe for adjudication.

## I. BACKGROUND

Plaintiff, Fair Housing Center of the Greater Palm Beaches, Inc. ("FHC"), is a nonprofit

corporation organized under the laws of the State of Florida with its place of business in Lantana,

Florida.  The FHC is dedicated to insuring equal housing opportunities for all persons regardless

of race, color, natural [sic] origin, religion, sex, political status, disability, marital status, age or

sexual orientation.  In furtherance of this goal, the FHC coordinates tests to be carried out by

volunteer testers trained by the United States Department of Justice.  This lawsuit, brought

pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, and the Civil Rights Act of 1866

Page 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

("Civil Rights Act") 42 U.S.C. §§ 1981, 1982, is based on several tests the FHC conducted at the

Gulfstream Harbor Apartments, which is owned and operated by Defendants.  FHC alleges that

the tests indicate that Defendant Gioia, as the rental agent and manager of the other Defendants,

by her actions and conduct violated the Fair Housing and Civil Rights Acts.  Plaintiffs seek a

protective order restricting disclosure of the FHC's testing manual as well as the non-plaintiff

testers' names and identities.

## II.  LEGAL STANDARD

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court, "for good

cause shown," may issue a protective order "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense."  See Seattle Times Co. v. Rhinehart,

467 U.S. 20, 36, 104 S.Ct. 2199, 2209 (1984) ("Rule 26(c) confers broad discretion on the trial

court to decide when a protective order is appropriate and what degree of protection is

required.").

## III.  DISCUSSION

The FHC requests that the identities of the non-plaintiff testers be protected from public

disclosure because it has difficulties recruiting testers.  Moreover, public disclosure of testers'

identities would hamper its ongoing investigations as well as compromise its ability to use those

testers in the future.  (Fletcher Aff. ¶¶ 4, 7.)  See Shammouh v. Karp, No. CIV. A. 96-4706, 1996

WL 637804, at *1 (E.D. Pa. Nov. 4, 1996) (directing that the identity of testers be kept

confidential).  Plaintiffs also request that the FHC's training manual, which provides a detailed

description of its testing techniques and procedures, be shielded from public disclosure in that

Page 3                                    **UNITED STATES DISTRICT COURT**
                                          **SOUTHERN DISTRICT OF FLORIDA**

public disclosure of the manual's contents would educate other property owners and management

companies throughout the County as to the techniques employed by testers, thereby hampering

the FHC's ability to conduct tests effectively.

Defendants do not object to the entry of a protective order that limits their use of the

subject information to matters connected with the allegations contained in the complaint.

Defendants note that the parties' draft protective order used the phrase "Counsel for the

Defendants will not disclose or disseminate that information to persons or entities unnecessary to

the Defendants' defense in this action." Defendants object to entry of an order containing this

language on the grounds that it would spawn "satellite litigation" on the issue of whether a

particular disclosure was "necessary" to their defense of this action. The Court finds no merit in

this argument, as it retains the power to monitor and modify this order. See SRS Technologies,

Inc. v. Physitron, Inc., 216 F.R.D. 525, 526 (N.D. Ala. 2003).

As public disclosure of testers' identities and the testing manual would seriously impair

FHC's ability to carry on its testing operations, Plaintiffs have demonstrated good cause within

the meaning of Rule 26(c) of the Federal Rules of Civil Procedure for requesting a protective

order. The Court, being fully advised, hereby

ORDERS AND ADJUDGES that Plaintiffs' Motion for Protective Order, filed January

14, 2004 **[DE 7]** is GRANTED.

The FHC shall disclose to counsel for Defendants the name, race and last known address

of each of the testers referred to in the Complaint in this action. Defendants shall not disclose or

disseminate said information to persons or entities unnecessary to their defense in this action, nor

Page 4                                    **UNITED STATES DISTRICT COURT**
                                          **SOUTHERN DISTRICT OF FLORIDA**

shall Defendants use said information for purposes other than defending this action.  Any

documents filed with the Court that disclose testers' identities shall be filed and maintained

under seal.

      The FHC shall provide a copy of its testers' training manual to counsel for Defendants.

Defendants shall not disclose or disseminate the manual or information derived therefrom to

persons or entities unnecessary to their defense in this action, nor shall Defendants use the

manual or information derived therefrom for purposes other than the defense of this action.  Any

documents filed with the Court that disclose information derived from the manual will not be

used for purposes other than the defense of this action.

      This protective order shall remain in effect until the Court orders otherwise.  Disputes as

to whether the revelation of protected information is necessary for the defense of this action shall

be addressed to the Court in the form of written motions filed under seal, if necessary.

      DONE AND ORDERED at Chambers in West Palm Beach, Florida, this _19_ day of

February, 2004.

                                       KENNETH L. RYSKAMP
                                     UNITED STATES DISTRICT JUDGE

Copies provided:
Michael F. Amezaga, Esq.
Bernard Lebedecker, Esq.